For defendant: Huddy, Emerson & Moulton.

---

295

Robert S. Emerson,
    Trustee
        vs.              .. No. 37601
Broley & Kirk
        RESCRIPT
        February 21, 1919
BARROWS, J. Heard on defendant's

293, 294, 295

exceptions to the report of an auditor, who found that defendant owed plaintiff $1857.97.

The suit was for an unpaid balance of a book account alleged to be due the Cataract Rubber Company, a corporation of which Emerson is trustee in bankruptcy, from Broley & Kirk, co-partners, both of whom reside within the State of Rhode Island. The firm is admittedly solvent.

The plea was the general issue but counsel stipulated that any defence could be made as if specially pleaded. The defence offered is a set-off for $1960 paid by Broley for the benefit of plaintiff.

The first exception argued was whether a debt owing from the bankrupt plaintiff to one of the members of defendant co-partnership could be set off against the present claim owed by the co-partnership to the plaintiff.

Set-offs in bankruptcy are governed by Bankruptcy Act. Sec. 70 (a). They must be mutual debts or credits. A set-off such as above sought is said to be improper in Brandenburg on Bankruptcy, 4th ed. Sec. 581, p. 443.

The question really raised on the evidence was more complex than that above stated. It was whether in a suit brought by A against the co-partnership X-Y, X's one-third of a joint claim of X-B-C against A could be set off.

Defendant concedes the necessity for mutuality of claims in order to permit a set-off. It argues that such mutuality exists because a partnership creditor can sue either member of the firm for a firm obligation without joining the other partner as a defendant. If the latter position is not sound defendant's claim of set-off is untenable for lack of mutuality of claims.

296

The plaintiff has urged that on the testimony the question sought to be raised by defendant are not involved, but in vitw of the fact that no appeal lies from this decision because the

295, 296

parties submitted the matter to an auditor by agreement, we have examined the proposition of law submitted by defendant with care. Its brief is a very full, careful and instructive discussion of the law.

Defendant admits that at common law plaintiff's obligation to an individual partner could not be used in set-off on plaintiff's claim against the firm.

Lindley on Partnership, 8th ed. p. 351, citing cases.

This is because the liability of partners is joint—"in solido"—not joint and several.

Same authority, page 236.

Nathanson vs. Spitz, 19 R. I. 70.

While the partners are alive, the debt is joint.

Pearce vs. Cooke, 13 R. I. at 185.

In the case of a deceased partner, the liability becomes several against his representatives, with the proviso that the partnership property must be exhausted before resort can be had to the separate property of the deceased partner.

Gen. Laws of 1909, Chap. 283, Sec. 17.
See, interpreting this statute and its forerunners.
Island Savings Bank vs. Galvin, 19 R. I. 569;
National Exchange Bank vs. Galvin, 20 R. I. 159;
Providence County Savings Bank vs. Vadenais, 25 R. I. 296.

In states where there is a statute allowing the firm creditor to sue either the firm jointly or any member of the firm separately for the firm debt, a set-off such as is here claimed has been permitted. The propriety of this we concede. Defendant's entire case, therefore, rests either on (a) the alleged right in Rhode Island to sue at law any member of the firm for the firm debt without joining the other partner; or (b) the theory that bankruptcy is administered upon equitable principles and that it is inquitable to collect from the firm when the plaintiff is owing a separate debt to one member of

the firm.

(a) The first of the above rights defendant deduces from Nathanson vs. Spitz, supra. We cannot so read that

297

case. It is authority only that if one partner is outside the jurisdiction, the writ issued against both can be used as a basis to give the Court jurisdiction if served on the partner withn the jurisdiction, and that the latter's individual property as well as the common property of the firm is bound by the judgment against the firm.

See the Court's interpretation of this case in Watson & Newell vs. Steinau Bros., 19 R. I. 218.

The Nathanson case does not purport to give a firm creditor the choice of procedure at law against the firm or against either partner when both are within the jurisdiction of the Court. So far as we are aware no case can be found in Rhode Island where both partners, as here, were within the jurisdiction and the partnership was solvent, to the effect that suit for a firm debt is proper against one partner alone. If both partners were at all times jointly and severally liable, there would be no necessity for our above statutory provision that partnership debts become several against the representatives of the deceased partner.

Neither in Gen. Laws of 1909, Chap. 283, Sec. 18, allowing judgment for an unsatisfied balance against one partner, nor in Gen. Laws of 1909, Chap. 185, entitled "Partners and Joint Debtors", is there warrant for the conclusion that the debt of a firm is a joint and several obligation under such circumstances as are involved in the present case.

We therefore find against the first of defendant's contentions and that the case at law falls squarely within the ordinary rules. To allow a set-off would violate the basic rules of mutuality of rights required in such cases.

(b) Is there any equitable principle permitting the set-off?

Gen. Laws of 1909, Chap. 283, Sec. 22,

permits in an action at law the pleading of an equitable defence. The nature of such defence is shown by the further provision that it should be one upon which an unconditional judgment could be rendered in favor of the party pleading it. Even if plaintiff corporation were solvent, judgment for Broley could not be entered in the present suit, which is and must be an action against Broley & Kirk as above shown. Under this statute, therefore, we fail to discover defendant's right to set off the present claim.

Set-off, as stated in Cornell vs. Stanhope, 14 R. I. 97, is nothing but an action of defendant against plaintiff.

**298**

The present case, however, attempts to do more than accomplish the set-off of Broley's individual claim. The facts show a suit by A against the partnership X-Y; a note due from A to Z, on which X-B-C are jointly liable as endorsers; payment of said note to Z by X-B-C, and the attempted set off of X's portion of such payment to Z in the present suit. For a court of law to attempt to work out equitable rights by permitting such a set-off would mean a complete departure from all the rules of pleading which aim to simplify the issue. Equity cannot relieve every case of hardship. It must have some guiding rules and its rule in cases of set-off is to follow the law.

Brandenberg on Bankruptcy, supra.

In this case, if X-B-C's cailm were proven in bankruptcy against A, it would have to be proven on a note and in the name of Z.

Bankruptcy Act. Sec. 57 (i).

It is only X's claim in an indirect way because he has paid one-third thereof as an endorses. Thus it is apparent that X's equity is even more vague than we have treated it. That such a set-off is outside of any equitable rights under the Bankruptcy Act, see

Re Schultze, Dis. Ct. N. Y. 132 Fed. 573;

Same case, 13 A. B. R. 84.

**297, 298**

This case states the common law correctly regardless of whether it overlooked a New York statute and other New York decisions.

We can find no special circumstances justifying us in permitting the set-off and we find no merit in the other exceptions taken by defendant. The matters seems to us to have been covered in the auditor's consideration of the case.

The auditor's report is confirmed and his fees are fixed at $150, as per agreement of the parties.

Huddy, Emerson & Moulton for plaintiff.

Cushing, Carroll & McCartin for defendants.